**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

BRYAN GILCHRIST                                                  CIVIL ACTION

VERSUS                                                           NO. 21-466

GLORIA MEJIA, ET AL.                                            SECTION: "G"

## ORDER AND REASONS

Plaintiff Bryan Gilchrist ("Plaintiff") brings this suit against Gloria Mejia ("Mejia") and

United Financial Casualty Company ("United Financial") (collectively, "Defendants") following

a vehicular collision.[1] Before the Court is Plaintiff's "Motion to Remand."[2] Having considered

the motion, the memorandum in support and opposition, the record, and the applicable law, the

Court grants the motion and remands this case to the Civil District Court for the Parish of Orleans,

State of Louisiana.

## I. Background

On August 13, 2020, Plaintiff filed a petition in the Civil District Court for the Parish of

Orleans, State of Louisiana.[3] On March 5, 2021, United Financial removed the case to this Court,

asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[4]

In the Petition, Plaintiff alleges that on October 18, 2019, he was driving his vehicle on

---

[1] Rec. Doc. 1-1.

[2] Rec. Doc. 8.

[3] Rec. Doc. 1-1.

[4] Rec. Doc. 1.

LaSalle Street in Orleans Parish.[5] Plaintiff claims that his vehicle was rear-ended by a vehicle being driven by Mejia.[6] Plaintiff alleges that at the time of the collision, he was insured by United Financial.[7]

In this suit, Plaintiff seeks damages for: (i) past, present, and future physical pain and suffering; (ii) past, present, and future mental anguish; (iii) past, present, and future loss of enjoyment of life; (iv) past, present, and future medical expenses; (v) scarring and disfigurement; (vi) past, present, and future lost wages/earnings; and (vii) inconvenience.[8]

On April 1, 2021, Plaintiff filed the instant motion to remand, set for submission on April 21, 2021.[9] Pursuant to Local Rule 7.5, any opposition to the motion was due eight days before the noticed submission date,[10] in this case, on April 13, 2021. On April 16, 2021, three days past the deadline to file an opposition, United Financial filed an opposition.[11] Nevertheless, the Court will exercise its discretion and consider the untimely opposition.

## II. Parties' Arguments

### A.    *Plaintiff's Arguments in Support of the Motion*

Plaintiff argues that remand is appropriate because Defendants have failed to show that complete diversity of citizenship exists among the parties.[12] Specifically, Plaintiff claims that

---

[5] *Id.* at 1.

[6] *Id.*

[7] *Id.* at 2.

[8] *Id.*

[9] Rec. Doc. 8.

[10] *See* EDLA Local Rule 7.5.

[11] Rec. Doc. 10.

[12] Rec. Doc. 8-2 at 3.

while Defendants allege in the Notice of Removal that Mejia is a citizen of Mississippi, Mejia is instead a citizen of Louisiana.[13] Plaintiff claims that Defendants provided three documents in support of Mejia's Mississippi citizenship, including two correspondence sent by Mejia's previous insurer, Mountain Laurel Assurance Company ("Mountain Laurel"), to Mejia at an address in Mississippi as well as a transcript of a phone call between a Mountain Laurel representative and Mejia in which Mejia provided a Mississippi address.[14] Plaintiff contends that these three documents are insufficient to prove that Mejia is a citizen of Mississippi.[15]

To the contrary, Plaintiff argues that evidence supports the fact that Mejia is a citizen of Louisiana.[16] Plaintiff claims that Mejia was involved in two car accidents in Louisiana.[17] Plaintiff alleges that Mejia has a phone number with a Louisiana area code, a vehicle with a Louisiana license plate, and had repair work done on her vehicle in Louisiana.[18] Moreover, Plaintiff claims that he hired a private investigator to locate Mejia.[19] Plaintiff alleges that the private investigator discovered an address in Louisiana he believes is the home of Mejia and upon visiting the address, spoke with neighbors who claimed that Mejia had lived there for "at least a few years."[20]

Thus, Plaintiff contends that Defendants have not met their burden of showing that Mejia is a citizen of Mississippi and not Louisiana.[21] Given that Plaintiff is a citizen of Louisiana,

---

[13] *Id.* at 3–4.

[14] *Id.* at 3.

[15] *Id.*

[16] *Id.* at 4.

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.* at 4–5.

[21] *Id.* at 5.

Plaintiff contends that Defendants have failed to prove that complete diversity exists and therefore, remand is appropriate.[22]

**B.      _United Financial's Arguments in Opposition to the Motion_**

In response, United Financial argues that Plaintiff has failed to produce any evidence that Mejia lives in Louisiana.[23] United Financial alleges that while Plaintiff's private investigator claims to have found Mejia's address in Louisiana through online databases, he did not provide information on which databases he used or whether such searches produced any other possible address results.[24] United Financial claims that the affidavit of Plaintiff's private investigator contains multiple instances of hearsay.[25] United Financial further asserts that the private investigator's affidavit evidences the fact that he was unable to serve Mejia at the Louisiana address, proving that she does not live at such address, and that he made no attempts to serve Mejia at her alleged Mississippi address.[26]

United Financial contends that it has provided Plaintiff with sufficient evidence that Mejia is a citizen of Mississippi.[27] In the Notice of Removal, United Financial provided Plaintiff with correspondence sent to Mejia at her Mississippi address as well as the transcript of a phone call in which Mejia gives her Mississippi address.[28] United Financial argues that while "[i]t is certainly possible that Ms. Mejia has family, friends, or even works in the New Orleans area,"

---

[22] _Id._

[23] Rec. Doc. 10 at 2.

[24] _Id._

[25] _Id._

[26] _Id._ at 3.

[27] _Id._

[28] _Id._

4

Plaintiff has failed to provide any actual evidence proving that Mejia lives in Louisiana.[29]

### III. Legal Standard on a Motion to Remand

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[30] A federal court has subject matter jurisdiction over an action pursuant to 28 U.S.C. § 1332 if the case "is between citizens of different states," or complete diversity exists, and the amount in controversy "exceeds the sum or value of $75,000."[31] Complete diversity between the parties is present when "all persons on one side of the controversy [are] citizens of different states than all persons on the other side."[32] The removing party bears the burden of demonstrating that federal jurisdiction exists.[33] Subject matter jurisdiction is fixed at the time of removal, and cannot be eliminated by events that occur after removal.[34]

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[35] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[36] Moreover, 28

---

[29] *Id.* at 4.

[30] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[31] 28 U.S.C. § 1332(a)(1).

[32] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted).

[33] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[34] *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").

[35] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[36] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

U.S.C. § 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

## IV. Analysis

In this litigation, there is no dispute that Plaintiff is a citizen of Louisiana and United Financial is a corporation incorporated in and with its principal place of business in Ohio. The sole issue presented is whether Mejia is a citizen of Mississippi or a citizen of Louisiana. If Mejia is a citizen of Mississippi, complete diversity exists such that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. If Mejia is a citizen of Louisiana, there is no complete diversity of citizenship between the parties and remand is appropriate.

In *Coury v. Prot*, the Fifth Circuit laid out the framework for determining citizenship of a natural person in § 1332 diversity cases:

> The fourteenth amendment to the Constitution provides that: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." United States Const. amend. XIV, § 1. However, "reside" has been interpreted to mean more than to be temporarily living in the state; it means to be "domiciled" there. Thus, to be a citizen of a state within the meaning of the diversity provision, a natural person must be both (1) a citizen of the United States, and (2) a domiciliary of that state.[37]

Therefore, for the purposes of diversity jurisdiction, citizenship of a natural person is determined by an individual's domicile.[38] The Fifth Circuit has held that "domicile is established by physical presence in a location coupled with an intent to remain there indefinitely."[39] Moreover, "[a] person's domicile is the place of his true, fixed, and permanent home and principal establishment,

---

[37] *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

[38] *Preston v. Tenent Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 797 (5th Cir. 2007).

[39] *In re Ran*, 607 F.3d 1017, 1022 (5th Cir. 2010) (citing *State of Texas v. State of Florida*, 306 U.S. 398, 424 (1939)).

and to which he has the intention of returning whenever he is absent therefrom."[40]

To determine a litigant's domicile, courts consider many factors, including "where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family."[41] While the court should consider where the litigant claims to be domiciled, his assertion is "entitled to little weight if it conflicts with the objective facts."[42] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties."[43]

Plaintiff alleges that Defendants have failed to meet their burden, as removing parties, of showing that Mejia is a citizen of Mississippi. Plaintiff points to evidence which supports the fact that Mejia is a citizen of Louisiana, including Mejia's phone number, license plate, choice of repair shop, and the existence of multiple past accidents in Louisiana. Plaintiff further points to an affidavit submitted by Plaintiff's private investigator who Plaintiff claims discovered an address in Louisiana he believes is the home of Mejia and upon visiting the address, spoke with neighbors who claimed that Mejia has lived there for several years.

In opposition, United Financial argues that while Plaintiff points to a "connection" between Mejia and Louisiana, Plaintiff has failed to provide any actual evidence linking Mejia to Louisiana. United Financial claims that it has provided multiple pieces of evidence supporting

---

[40] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (internal citation and quotation marks omitted).

[41] *Coury*, 85 F.3d at 251.

[42] *Id*.

[43] *Id*. at 249.

Mejia's Mississippi citizenship, and contends that the affidavit submitted by Plaintiff's private investigator contains hearsay and does not prove that Mejia lives at the Louisiana address the investigator discovered.

As the removing party, United Financial bears the burden of establishing jurisdiction by a preponderance of the evidence, and "[a]ny ambiguities are construed strictly against removal because the removal statute should be strictly construed in favor of remand."[44] Accordingly, United Financial must show that Mejia was physically present in Mississippi and that she intended to remain in Mississippi indefinitely, at the time this action was filed in state court and at the time of removal.[45]

To determine a litigant's domicile, courts consider many factors, including "where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family."[46] The only factor supported by evidence from either party is the location of Mejia's personal property, as Plaintiff avers that Mejia's vehicle is registered in Louisiana. It is well-known that a vehicle is a substantial piece of personal property, and people tend to own vehicles in locations where they spend significant amounts of time. Therefore, this factor weighs in favor of establishing Mejia's domicile in Louisiana.

Without evidence supporting any factor, United Financial has failed to meet its burden in proving that Mejia is a citizen of Mississippi. In the Notice of Removal, United Financial presented a cancellation notice from Progressive Insurance dated October 7, 2019 sent to Mejia at a

---

[44] *Manguno*, 276 F.3d at 723.

[45] *Coury*, 85 F.3d at 248; *Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 386 (5th Cir. 2018); *Williams v. Raynor*, No. 18-14327, 2019 WL 1091321, at *2 (E.D. La. Mar. 8, 2019) (Fallon, J.).

[46] *Coury*, 85 F.3d at 251.

Mississippi address,[47] a repair invoice from Mountain Laurel dated January 23, 2020 sent to Mejia at a Mississippi address,[48] and an undated transcript of a call between Mejia and an employee of Progressive in which Mejia orally provides a Mississippi address.[49] This evidence presented by United Financial is insufficient to show by a preponderance of the evidence that Mejia is a citizen of Mississippi.

### V. Conclusion

Based on the foregoing, United Financial has not met its burden of showing by a preponderance of the evidence that Mejia is a citizen of Mississippi. Therefore, United Financial has not demonstrated that complete diversity of citizenship exists. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand"[50] is **GRANTED.** The above captioned case is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA,** this __18th__ day of May, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

[47] Rec. Doc. 1-2.

[48] Rec. Doc. 1-3.

[49] Rec. Doc. 1-4.

[50] Rec. Doc. 8.